IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00070-MR-WCM-1

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> REBECCA LYNN BARKER, ) <br> ) <br> Defendant. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the Defendant's "Objection to Memorandum Opinion and Recommendation" [Doc. 504].

The Defendant Rebecca Lynn Barker filed a Motion to Suppress on March 4, 2022. [Doc. 415]. Pursuant to 28 U.S.C. § 636(b) and the standing Orders of Designation of this Court, the Honorable W. Carleton Metcalf, United States Magistrate Judge, was designated to consider the Defendant's motion to suppress and to submit recommendations for its disposition On April 21, 2022, the Magistrate Judge entered a Memorandum and Recommendation containing proposed findings of fact and conclusions of law in support of a recommendation regarding the Defendant's motion. [Doc. 473]. The docket reflects that Defendant's counsel was provided electronic

notice of the Memorandum and Recommendation that same day through the Court's CM-ECF filing system.

The Magistrate Judge specifically advised the parties that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. The deadline for the filing of objections passed, and no objections to the Memorandum and Recommendation were filed. Having received no objections from the parties, the Court entered an Order on May 11, 2022, accepting the Magistrate Judge's recommendation and denying the Defendant's motion to suppress. [Doc. 499].

On May 17, 2022, the Defendant through counsel filed the present Objection. [Doc. 504]. In it, counsel states that the Objection is being filed "within 14 (fourteen) days of actual receipt of notice of the entry of the Memorandum Opinion and Recommendation." [Id. at 1]. Counsel does not explain what is meant by "actual receipt of notice," and he does not seek leave of Court in order to file the objection out of time.

As noted above, defense counsel received electronic notice of the Memorandum and Recommendation on April 21, 2022. The Objections were not filed within fourteen days of this notification, and therefore they are untimely. "[I]n the absence of a timely filed objection, a district court need

not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (citation and internal quotation marks omitted). As the Court previously stated [Doc. 499], there is no clear error in the Memorandum and Recommendation. Accordingly, the Defendant's untimely Objection is overruled.

**IT IS, THEREFORE, ORDERED** that the Defendant's untimely "Objection to Memorandum Opinion and Recommendation" [Doc. 504] are **OVERRULED**.

**IT IS SO ORDERED**.

Signed: May 20, 2022

Martin Reidinger
Chief United States District Judge