IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:21-cr-00070-MR-WCM-1

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| REBECCA LYNN BARKER, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Reconsider [Doc. 600].[1]

The Defendant Rebecca Lynn Barker moves for reconsideration of the Court's Order [Doc. 505] overruling her untimely objections to the Magistrate Judge's Memorandum and Recommendation regarding her Motion to Suppress. [Doc. 600]. For the following reasons, the motion for reconsideration is denied.

---

[1] This is the third motion in recent weeks that counsel has incorrectly filed in the ECF filing system as a "miscellaneous filing." Motions that are not correctly docketed are at risk of being overlooked in the docket and require the time and effort of the Court's clerk staff to correct. Counsel is admonished to review the Court's electronic filing procedures, which are available on the Court's website, to prevent such occurrences in the future.

The Court recited the relevant procedural history in its previous Order but will briefly restate such history here. The Defendant filed a Motion to Suppress on March 4, 2022. [Doc. 415]. On April 21, 2022, the Magistrate Judge entered a Memorandum and Recommendation containing proposed findings of fact and conclusions of law in support of a recommendation regarding the Defendant's Motion. [Doc. 473]. The Memorandum and Recommendation clearly advises the parties that any objections to the Magistrate Judge's Memorandum and Recommendation were to be filed in writing within fourteen (14) days of service. [Id. at 15].

The docket reflects that Defendant's counsel was provided electronic notice of the Memorandum and Recommendation on April 21, 2022, through the Court's CM-ECF filing system. That notification clearly states that objections to the Memorandum and Recommendation were due on May 5, 2022.

The deadline for the filing of objections passed, and no objections to the Memorandum and Recommendation were filed. Having received no objections from the parties, the Court entered an Order on May 11, 2022, accepting the Magistrate Judge's recommendation and denying the Defendant's motion to suppress. [Doc. 499].

On May 17, 2022, six days after the Court had entered its Order, the Defendant through counsel filed an Objection to the Memorandum and Recommendation. [Doc. 504]. In that Objection, counsel stated that the Objection was being filed "within 14 (fourteen) days of actual receipt of notice of the entry of the Memorandum Opinion and Recommendation." [Id. at 1]. Counsel did not explain what was meant by "actual receipt of notice," and he did not seek leave of Court in order to file the objection out of time. Finding that the Objection was untimely, the Court reaffirmed its prior determination that there was no clear in the Memorandum and Recommendation and therefore overruled the Defendant's Objection. [Doc. 505].

The Defendant now moves for reconsideration of that Order. [Doc. 600]. For grounds, counsel states that he received electronic notification of the Memorandum and Recommendation on May 3, 2022, and filed his Objection within 14 days of receipt of that notification. Counsel asserts that his "computers were infected with a virus and sent out for repair." [Id. at 1]. He states that "[a] copy of the receipt is attached hereto as Exhibit A and made a part hereof." [Id.]. Defendant's counsel states that "[b]ecause of this, [he] is uncertain whether the late notice was due to his computer issues or an issue with the court's ECF system." [Id.].

Counsel's explanation for the delay in filing the Objection is confounding for several reasons. First, counsel concedes that he received the electronic notification of the filing of the Memorandum and Recommendation prior to the expiration of the objection deadline. This notification contained a link to the Memorandum and Recommendation, and it provided notice to counsel of the date that the Memorandum and Recommendation was entered and the date by which objections were due. Therefore, counsel was aware of the impending objection deadline but did not seek an extension of time to file objections.

Next, counsel asserts that his "computers were infected with a virus and sent out for repair." [Doc. 600 at 1]. However, counsel fails to state when this infection allegedly occurred or how it would prevented him from accessing his email—and thus receiving the Court's electronic notifications—during this time.[2] Further, in support of this assertion, he references a receipt—presumably from a computer repair shop, although that is not entirely clear—but no such receipt is attached to the motion.

---

[2] Like most people, counsel has a web-based email address, which is accessible through any computer or smartphone with internet access. Thus, the fact that counsel had a computer infected with a virus should not have prevented him from accessing his email during this time.

4

In short, counsel's attempts to establish good cause for why and how he failed to file timely objections to the Memorandum and Recommendation is woefully lacking. Nevertheless, the Court has reviewed the Defendant's objections to the Memorandum and Recommendation and particularly her objection to the conclusion that the good faith exception applied to the warrant at issue. Having reviewed such objections, the Court concludes that the Magistrate Judge's conclusions were correct and consistent with current caselaw. As such, the Defendant's motion for reconsideration of the Order overruling her Objection is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Reconsider [Doc. 600] is **DENIED**.

**IT IS SO ORDERED**.

Signed: July 9, 2022

Martin Reidinger
Chief United States District Judge