| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| vs. | ) |
| REBECCA LYNN BARKER, | ) |
| Defendant. | ) |

## ORDER GRANTING GOVERNMENT'S
## MOTION FOR PRELIMINARY ORDER OF FORFEITURE

**THIS MATTER** is before the Court on the Government's Motion for Preliminary Order of Forfeiture. [Doc. 775].

The Government moves for a preliminary order of forfeiture pursuant to Fed. R. Crim. P. 32.2(b) concerning the following assets:

- Davis Industries DM-22 derringer; and
- Braztech 5411220 shotgun.

Under 18 U.S.C. § 924(d), "Any firearm or ammunition involved in or used in . . . any violation of any other criminal law of the United States . . . shall be subject to seizure and forfeiture. . ." The Federal Rules of Criminal Procedure instruct that forfeiture is appropriate upon a finding of a nexus,

i.e., a connection between the property sought to be forfeited and the violation at issue. Fed. R. Crim. P. 32.2(b)(1)(A). The burden is on the Government to establish by a preponderance of the evidence that the property at issue is subject to forfeiture. See United States v. Cherry, 330 F.3d 658, 669 (4th Cir. 2003).

With regard to property that facilitates, is intended to facilitate, or is involved in a crime, nexus is met where there is a "substantial connection" between the property and the crime. See United States v. Herder, 594 F.3d 352, 364 (4th Cir. 2010). A substantial connection is satisfied by showing that the use of the property made "the crime less difficult or more or less free from obstruction or hindrance." Id. (quoting United States v. Schifferli, 895 F.2d 987, 990 (4th Cir. 1990)). The nexus finding may be based on evidence already in the record, including the written plea agreement, and any additional evidence or information submitted by the parties and accepted by the court. Fed. R. Crim. P. 32.2(b)(1)(B).

After review, the Court finds that the Government has established by a preponderance of the evidence that the firearms specified above are subject to forfeiture. As part of her plea agreement, Defendant Barker agreed to forfeit all assets listed in the charging document. The firearms at issue were identified in the Indictment. Defendant Barker is bound by the terms of her

2

plea agreement. See United States v. Yooho Weon, 722 F.3d 583, 588 (4th Cir. 2013) (a plea agreement should be interpreted "in conformity with principles of general contract law" and courts apply "the plain meaning of the agreement's terms with the goal of providing each party the benefit of its bargain"); see also United States v. Masilotti, 965 F. Supp. 2d 1380, 1385 (S.D. Fla. 2013) ("A party cannot accept the benefits of an agreement, in whole or in part, and then renege by contesting the forfeiture which was part of the bargain").

Additionally, the record supports the finding that the firearms facilitated Defendant Barker's offense of conviction. On March 26, 2020, law enforcement performed a vehicle stop on a vehicle that Defendant Barker was operating. During the stop, law enforcement located a Xanax tablet inside the vehicle. As law enforcement began to search Barker's purse, Barker stated that she had a gun in her purse. Law enforcement located the firearm, a Davis Industries DM-22 derringer. Later that day, law enforcement executed a search warrant on Barker's residence. During the search of the residence, law enforcement located multiple bags containing methamphetamine, digital scales, unused Ziploc bags, $7,226.00 in U.S. currency, and a Braztech 5411220 shotgun.

For the foregoing reasons, the Court grants the Government's motion for a preliminary order of forfeiture.

**IT IS HEREBY ORDERED, ADJUDGED and DECREED**:

1. In accordance with 18 U.S.C. § 924(d), Defendant Barker shall forfeit the following assets to the United States:

    - Davis Industries DM-22 derringer; and
    - Braztech 5411220 shotgun.

2. Pursuant to 21 U.S.C. § 853(n)(1) and Fed. R. Crim. P. 32.2(b)(6), the United States shall post on an official Government internet site (www.forfeiture.gov), for at least 30 consecutive days, notice of this order and of its intent to dispose of the property in such a manner as the United States may direct. The United States may also, to the extent practicable, provide direct written notice of this forfeiture.

3. Any person, other than Defendant Barker, having or claiming a legal interest in any of the above-listed forfeited property may, within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of the petitioner's alleged interest in the property, and for an amendment of the

order of forfeiture pursuant to 21 U.S.C. § 853(n). The petition shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in each of the forfeited properties; the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property; and any additional facts supporting the petitioner's claim and the relief sought. 21 U.S.C. § 853(n)(2) and (3).

4. After the disposition of any motion filed under Fed. R. Crim P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

5. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order of Forfeiture, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of the property, including depositions, interrogatories, requests for production of documents and to issue subpoenas, pursuant to Rule 45 of the Federal Rules of Civil Procedure.

6. Upon adjudication of third-party interests, if any, this Court will enter a final Order of forfeiture pursuant to 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32(c)(2). If no third party files a timely claim, this preliminary Order of forfeiture shall become the final Order of forfeiture and shall be made part of the sentence and included in the judgment, as provided by Fed. R. Crim. P. 32.2(b)(4) and 32.2(c)(2).

7. The Court shall retain jurisdiction to enforce this Order and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

**IT IS SO ORDERED.**

Signed: January 20, 2023

Martin Reidinger
Chief United States District Judge